David Markevitch, State Bar No. 256163
dm@robinsonmarkevitch.com
Joseph M. Barrett, State Bar No. 143974
jmb@thebarrettlawyers.com
**Robinson Markevitch Parker LLP**
718 University Avenue Suite 214
Los Gatos, CA 95032-7608
Telephone: (408) 649-5005

*Attorneys for Plaintiff BRIOHNY SMYTH*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIOHNY SMYTH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SINGAPORE AIRLINES LIMITED,<br><br>Defendant. | **Case No:** 2:26-cv-8216<br><br>**COMPLAINT FOR DAMAGES UNDER THE MONTREAL CONVENTION**<br><br>**JURY TRIAL DEMANDED** |

**I.**

**INTRODUCTION.**

1.     This is an action for damages arising from bodily injuries sustained by Plaintiff during international carriage by air aboard Singapore Airlines Flight SQ36 on July 28, 2024, from Singapore Changi Airport ("SIN") to Los Angeles International Airport ("LAX").

2.     Plaintiff brings this action pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, commonly known as the Montreal Convention, May 28, 1999, S. Treaty Doc. No. 106-45, reprinted in 1999 WL 33292734 (2000) ("Montreal Convention").

- 1 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

3. During in-flight meal service aboard Flight SQ36, Plaintiff was served chicken satay on a sharp wooden skewer. While consuming the meal, Plaintiff unknowingly swallowed a jagged wooden splinter that had broken off from the skewer. The splinter lodged in Plaintiff's throat, causing severe pain, violent coughing, choking distress, and injury to her vocal structures.

4. The incident constituted an "accident" within the meaning of Article 17 of the Montreal Convention because it was an unexpected and unusual event external to the passenger.

5. As a direct and proximate result of the incident, Plaintiff sustained bodily injuries, including trauma and scarring to her vocal cords, pain and suffering, emotional distress associated with bodily injury, economic losses, and other damages according to proof.

## II.

### JURISDICTION AND VENUE.

6. This Court has subject matter jurisdiction pursuant to Article 33 of the Montreal Convention and 28 U.S.C. § 1331 because this action arises under a treaty of the United States.

7. This Court additionally has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper in the Central District of California pursuant to Article 33 of the Montreal Convention and 28 U.S.C. § 1391 because Los Angeles, California was the place of destination for the international carriage at issue, and Defendant regularly conducts substantial business operations within this District, including commercial airline operations through Los Angeles International Airport.

9. Defendant Singapore Airlines Limited is a foreign corporation organized and existing under the laws of Singapore and is an international air carrier conducting regular commercial operations within the United States and within this judicial district.

- 2 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## III.

## PARTIES.

10.    Plaintiff Briohny Smyth is, and at all relevant times was, an individual residing in Los Angeles County, California.

11.    Defendant Singapore Airlines Limited is, and at all relevant times was, an international air carrier engaged in the business of transporting passengers for hire in international commerce, including transportation between Singapore and Los Angeles.

## IV.

## FACTUAL ALLEGATIONS.

12.    On or about July 28, 2024, Plaintiff was a fare-paying passenger aboard Singapore Airlines Flight SQ36 traveling from Singapore to Los Angeles pursuant to an international ticket of carriage.

13.    During the Business Class meal service, Defendant served Plaintiff chicken satay on a wooden skewer.

14.    While consuming the meal as intended, Plaintiff unknowingly swallowed a sharp wooden fragment that had splintered or broken from the skewer.

15.    The wooden splinter became lodged in Plaintiff's throat, causing immediate pain, choking sensations, coughing, respiratory distress, and physical injury.

16.    Plaintiff experienced substantial pain and emotional distress while attempting to expel the foreign object during the flight.

17.    Plaintiff ultimately expelled a jagged wooden shard approximately 1.5 inches in length.

18.    Following the incident, Plaintiff experienced persistent throat discomfort, vocal fatigue, raspiness, tightness, and pain with prolonged speaking and singing.

19.    Plaintiff subsequently sought evaluation by an otolaryngologist (ENT specialist), who

- 3 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

identified scarring and trauma to Plaintiff's vocal cords consistent with injury from a sharp foreign object.

20. Plaintiff has undergone and continues to undergo diagnostic evaluation and treatment relating to the injuries sustained aboard Flight SQ36.

21. Plaintiff is a professional singer, performer, wellness educator, and public speaker whose livelihood substantially depends upon the integrity and performance of her voice.

22. As a direct and proximate result of the incident, Plaintiff has suffered and continues to suffer bodily injury, physical pain, emotional distress associated with bodily injury, loss of earning capacity, professional harm, anxiety associated with eating and flying, and other damages according to proof.

## V.

### CLAIM FOR RELIEF

### (Montreal Convention – Article 17)

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24. At all relevant times, the Montreal Convention governed the international carriage at issue.

25. Article 17 of the Montreal Convention imposes liability upon an air carrier for bodily injury sustained by a passenger caused by an accident occurring onboard the aircraft or during embarking or disembarking.

26. The ingestion of a sharp wooden splinter originating from Defendant's in-flight meal service constituted an unexpected and unusual event external to Plaintiff and therefore constituted an "accident" within the meaning of Article 17.

27. Plaintiff sustained bodily injuries as a result of said accident onboard Defendant's

- 4 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

aircraft.

28.   Pursuant to Articles 17 and 21 of the Montreal Convention, Defendant is liable for Plaintiff's damages.

29.   As a direct and proximate result of Defendant's conduct and the accident aboard Flight SQ36, Plaintiff has suffered damages including, but not limited to:

a. Past and future medical expenses;

b. Past and future loss of earnings and earning capacity;

c. Past and future physical pain and suffering;

d. Emotional distress associated with bodily injury;

e. Loss of enjoyment of life; and

f. Other general and special damages according to proof.

## VI.

## PRAYER FOR RELIEF.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.   For compensatory damages according to proof;

2.   For past and future medical expenses according to proof;

3.   For past and future loss of earnings and earning capacity according to proof;

4.   For general damages according to proof;

5.   For costs of suit incurred herein;

6.   For pre-judgment and post-judgment interest as allowed by law; and

7.   For such other and further relief as the Court deems just and proper.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**Plaintiff hereby demands a trial by jury on all issues so triable.**

Date: July 24, 2026                    **MARKEVITCH ROBINSON PARKER LLP**

BY: _____

DAVID MARKEVITCH
JOSEPH M. BARRETT
Attorneys for Plaintiff
BRIOHNY SMYTH

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**